1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DOMINIC VA'SHON WRIGHT,                    No. 2: 16-cv-2054 JAM KJN P
12                  Plaintiff,
13         v.                                   ORDER
14   JEFF MACOMBER, et al.,
15                  Defendants.
16
17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to
18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
20   § 636(b)(1).
21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
22   Accordingly, the request to proceed in forma pauperis is granted.
23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.
24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in
25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Warden Macomber, Associate Warden Eldridge, M. Hontz, D. Roth and R. Masterson. Plaintiff's complaint contains six separate claims discussing plaintiff's allegations against the defendants. However, the claims are not in chronological order. For this reason, it is difficult to understand plaintiff's claims against each defendant. In addition, some of plaintiff's claims do not name any defendant. For example, claim IV alleges that false paperwork was released in the hopes of bringing harm to plaintiff, but does not identify the defendant who allegedly released the false paperwork. For these reasons, the complaint is dismissed with leave to amend.

In addition, it appears that plaintiff's complaint may raise claims involving disciplinary or criminal convictions. For example, claim I appears to allege that defendant Wright filed false charges against plaintiff.

Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into question. Heck, 512 U.S. at 486–87. If a plaintiff convicted of a crime seeks damages in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint must be dismissed." Heck, 512 U.S. at 487. In other words, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n.6). This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48 (1997).

////

However, a plaintiff may still bring § 1983 claims challenging alleged unconstitutional actions if plaintiff's success on those claims would not necessarily invalidate a criminal conviction or sentence. See Heck, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful") (citations omitted); see also Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2011) ("[T]he relevant question is whether success in a subsequent 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

If plaintiff files an amended complaint, he shall identify the allegedly false charges that were filed, identify the defendant who filed the false charges, discuss whether the charges resulted in a conviction and describe what punishment, if any, he received.

If plaintiff files an amended complaint, he shall also include a chronological statement describing his allegations against defendants.

The amended complaint must also allege in specific terms how each defendant named is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: December 8, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wr2054.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC VA'SHON WRIGHT,<br><br>            Plaintiff,<br><br>     v.<br><br>JEFF MACOMBER, et al.,<br><br>            Defendants. | No.  2:  16-cv-2054 JAM KJN P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____        Amended Complaint
DATED:

                                                    _____
                                                    Plaintiff