1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOMINIC VA'SHON WRIGHT,                 No.  2:16-cv-2054 JAM KJN P

12              Plaintiff,

13        v.                                 ORDER

14   JEFF MACOMBER, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  On December 8, 2016, the undersigned dismissed plaintiff's complaint with

19   leave to amend.  (ECF No. 8.)  Pending before the court is plaintiff's amended complaint.  (ECF

20   No. 13.)  For the reasons stated herein, the amended complaint is dismissed with leave to amend.

21   Plaintiff's Claims

22          Named as defendants are Warden Macomber, Associate Warden Eldridge, Correctional

23   Counselor Hontz, Captain Roth, Correctional Officer Masterson and Reames.[1]

24          Plaintiff alleges that on September 3, 2014, defendant Macomber told plaintiff that

25   defendant Roth had a "personal problem" with plaintiff.  (Id. at 5.)  On September 4, 2014,

26

27   _____
     [1]  Defendant Reames is not listed as a defendant in the paragraphs of the complaint listing the
28   defendants.  (See ECF No. 13 at 2.)  However, plaintiff identifies Reames as a defendant in the
     discussion of his claims.  (Id. at 6.)

1

1    plaintiff was involved in an incident on the yard.  (Id.)  Plaintiff suffered a broken jaw after

2    fighting with two other inmates. (Id. at 5, 7.)  Defendant Roth allegedly placed plaintiff in

3    administrative segregation ("ad seg") without medical attention and filed charges against plaintiff.

4    (Id. at 5.)  Plaintiff alleges that defendant Roth released the other two inmates involved in the

5    incident from their cages without placing them in ad seg pending an investigation, which would

6    have been normal procedure.  (Id.)

7         Plaintiff alleges that he filed emergency 602s regarding his placement in ad seg and

8    requesting medical attention.  (Id.)  Plaintiff alleges that he wrote to defendant Macomber but was

9    "put off" to someone else.  (Id.)  Plaintiff alleges that he was denied access to an Institutional

10   Classification Committee ("ICC") after his placement in ad seg, in violation of regulations. (Id.)

11   Plaintiff alleges that every inmate has the right to hear why they are being charged and placed in

12   ad seg.  (Id.)

13        Plaintiff alleges that on October 18, 2014, he filed a grievance challenging his placement

14   in ad seg.  (Id.)  Plaintiff alleges that defendant Hontz came to ad seg to speak with plaintiff

15   regarding the grievance.  (Id.)  Plaintiff alleges that he pointed out the errors in the paperwork that

16   was filed to place him in ad seg.  (Id.)  Plaintiff alleges that defendant Hontz told plaintiff, "We'll

17   have to bring you back to committee and correct the charges."  (Id. at 6.)  Plaintiff alleges that

18   defendant Hontz also said, "We only put [plaintiff] here (ad seg) for a while, so you act right on

19   the yard."  (Id.)  Plaintiff alleges that defendant Hontz knew that the paperwork was false and

20   asked plaintiff to drop the grievance.  (Id.)  Plaintiff alleges that he was held in ad seg from

21   September 4, 2014, to October 9, 2015.  (Id.)

22        Plaintiff alleges that defendant Eldridge heard the 602 that plaintiff filed on October 18,

23   2014.  (Id.)  Defendant Eldridge allegedly filed a false statement and allowed the ad seg

24   placement order to stand.  (Id.)  Plaintiff alleges that defendant Eldridge allowed defendant

25   Roth's personal vendetta against plaintiff to continue.  (Id.)

26        Plaintiff alleges that defendant Masterson filed false (disciplinary) charges against

27   plaintiff based on the September 4, 2014 incident.  (Id. at 7.)  Plaintiff alleges that defendant

28   Masterson falsely stated that plaintiff was the problem in the incident.  (Id.)

2

1    Plaintiff alleges that defendant Reames knew that defendant Masterson was going to file a

2    false report against plaintiff based on the September 4, 2014 incident.  (Id. at 6.)  Plaintiff alleges

3    claims that on August 25, 2014, defendant Masterson falsely charged plaintiff with possessing a

4    knife.  (Id. at 6-7.)  Plaintiff alleges that defendant Reames investigated this charge and found no

5    merit it to.  (Id.)  Plaintiff alleges that defendant Reames knew that the charges based on the

6    September 4, 2014 incident were false because defendant Masterson had filed false charges

7    against him on August 25, 2014.  (Id.)  Plaintiff alleges that on September 4, 2014, defendant

8    Reames told plaintiff, "If you don't talk up now, Masterson is going to get you."  (Id. at 6.)

9    Plaintiff alleges that defendant Reames failed to report defendant Masterson's unprofessional

10   behavior. (Id.)

11   Discussion

12        *Alleged Due Process Claims Based on Placement in Ad Seg and Disciplinary Charges*

13        Plaintiff alleges that defendant Roth placed plaintiff in ad seg on September 4, 2014, and

14   denied him medical care because defendant Roth had a "personal problem" with plaintiff.

15   Plaintiff appears to allege that defendants Hontz, Eldridge and Masterson conspired with

16   defendant Roth to "continue" defendant Roth's "vendetta" against him by filing false disciplinary

17   charges and apparently ordering plaintiff's retention in ad seg.

18        There is no due process right to be free from false disciplinary charges.  The falsification

19   of a disciplinary report does not state a standalone constitutional claim.  See Luster v. Amezcua,

20   2017 WL 772141 at *5 (E.D. Cal. 2017).  Specifically, "the fact that a prisoner may have been

21   innocent of disciplinary charges brought against him and incorrectly held in administrative

22   segregation does not raise a due process issue.  The Constitution demands due process, not error-

23   free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing

24   Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868

25   (5th Cir. 1983)).  Therefore, plaintiff has no protected liberty interest in freedom from false

26   claims against him.

27        Second, the due process clause itself does not confer on inmates a liberty interest in being

28   confined in the general prison population instead of administrative segregation. See Hewitt v.

3

1   Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

2   (convicted inmate's due process claim fails because he has no liberty interest in freedom from

3   state action taken within sentence imposed and administrative segregation falls within the terms

4   of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes,

5   213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within

6   range of confinement normally expected by inmates in relation to ordinary incidents of prison life

7   and, therefore, plaintiff had no protected liberty interest in being free from confinement in the

8   SHU) (quotations omitted).

9        Under state law, the existence of a liberty interest created by prison regulations is

10  determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84

11  (1995).  Liberty interests created by state law are "generally limited to freedom from restraint

12  which ... imposes atypical and significant hardship on the inmate in relation to the ordinary

13  incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Here,

14  plaintiff has not shown that his retention in ad seg imposed atypical and significant hardship on

15  him.  A plaintiff must assert a "dramatic departure" from the standard conditions of confinement

16  before due process concerns are implicated.  Sandin, 515 U.S. at 485–86; see also Keenan, 83

17  F.3d at 1088–89.

18       Accordingly, for the reasons stated above, the undersigned does not find that plaintiff has

19  stated a potentially colorable due process claim based on his placement and retention in ad seg

20  and the allegedly false disciplinary charges filed against him.

21       *Retaliation*

22       Plaintiff may be claiming that defendant Roth ordered his placement in ad seg and denied

23  him medical care for retaliatory reasons.  Plaintiff may be claiming that defendants Hontz,

24  Eldridge and Masterson conspired with defendant Roth to retaliate against plaintiff.

25       To prevail on a claim for retaliation, a plaintiff must demonstrate (1) a state actor took

26  some adverse action against him or her; (2) because of (3) the prisoner's protected conduct and

27  such action (4) chilled the prisoner's exercise of his or her First Amendment rights and (5) the

28  action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d

4

559, 567-68 (9th Cir. 2004).  To satisfy the causation element of a First Amendment retaliation claim, Plaintiff must show that "his protected conduct was the substantial or motivating factor behind the defendant's conduct."  Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).

Plaintiff has not plead a potentially colorable retaliation claim because he does not allege that he engaged in protected conduct that was a substantial or motivating factor behind defendant Roth's conduct.  If plaintiff files an amended complaint, he must clarify the "personal problems" that defendant Roth had with him.

Plaintiff's claim that defendant Macomber told plaintiff that defendant Roth had "personal problems" with plaintiff does not, standing alone, state a potentially colorable claim for relief.  If plaintiff files an amended complaint, he shall clarify whether defendant Macomber provided him with any additional information regarding the nature of the "personal problems."

*Eighth Amendment*

Plaintiff alleges that defendant Roth failed to provide medical attention for plaintiff's broken jaw.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical

5

treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim against defendant Roth based on his failure to provide plaintiff with medical care for his broken jaw. Specifically, plaintiff has not pled sufficient facts demonstrating that defendant Roth acted with deliberate indifference. Plaintiff has pled no facts demonstrating that defendant Roth had knowledge that plaintiff had a broken jaw. Plaintiff does not allege, for example, that he told defendant Roth that he was in pain and required medical care. Accordingly, this claim is dismissed with leave to amend.

*Claims Against Defendant Reames*

Because plaintiff has not stated potentially colorable claims against defendants Roth, Eldridge, Hontz and Masterson, plaintiff has not stated a potentially colorable claim against defendant Reames for allegedly failing to report their misconduct.

*Heck v. Humphrey*

In the December 8, 2016 order dismissing the original complaint with leave to amend, the undersigned advised plaintiff that his claims challenging the prison disciplinary conviction may be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Pursuant to Heck, a plaintiff cannot bring a § 1983 action arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside or otherwise called into question. Heck, 512 U.S. at 486-87. This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

The December 8, 2016 order directed plaintiff to address, in the amended complaint, whether the alleged false disciplinary charges resulted in a conviction and what punishment, if any, plaintiff received. Plaintiff's amended complaint does not address this issue. If plaintiff files a second amended complaint challenging a prison disciplinary conviction, he shall address this issue.

1    Accordingly, for the reasons discussed above, plaintiff's amended complaint is dismissed

2  with leave to amend.  If plaintiff files a second amended complaint, he shall address the issues

3  discussed above.

4    Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No.

5  13) is dismissed with leave to file a second amended complaint within thirty days of the date of

6  this order.  Failure to file a second amended complaint will result in dismissal of this action.

7  Dated:  March 24, 2017

8

9                                                 KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE
10

11  Wr2054.ame

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  7