UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC VA'SHON WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:16-cv-2054 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Defendants' Motion for A Protective Order</u>

On October 12, 2018, defendants filed a summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 45.) On October 12, 2018, defendants also filed the pending motion for a protective order requesting that all discovery be stayed pending resolution of the summary judgment motion. (ECF No. 46.) In the motion for a protective order, defendants state that plaintiff recently served merits-based requests for production of documents and interrogatories to each defendant in this matter. Defendants contend that until the court rules on the summary judgment motion, defendants are unable to confirm which claims, if any, will proceed in this case and, therefore, are unable to determine the permissible scope of discovery.

1

Courts have broad discretionary power to control discovery, including the decision to stay discovery. See, e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. Id.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. Spearman v. I Play, Inc., 2018 WL 1382349 at *1 (E.D. Cal. 2018) (citing Miejnecky v. Olympus Imaging Am. Inc., 2011 WL 489723, at *6 (E.D. Cal. 2011); Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007).) "The first prong requires that the pending motion 'be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.'" Id. (quoting Miejnecky, 2011 WL 489723 at *6.) "The second prong requires the court 'to determine whether the pending, potentially dispositive motion can be decided absent additional discovery.'" Id. (quoting Miejnecky, 2011 WL 489723 at *6.) "If either prong is not met, discovery should proceed." Id.

Defendants' pending summary judgment motion is potentially dispositive of the entire case. In addition, defendants' summary judgment can be decided absent additional discovery. As discussed above, defendants move for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies. According to defendants, and undisputed by plaintiff, plaintiff served defendants with merits-based discovery requests. Defendants' summary judgment motion, on the grounds that plaintiff failed to exhaust administrative remedies, can be decided absent these merits-based discovery requests. Accordingly, defendants' motion for a protective order is granted. Discovery is stayed pending resolution of defendants' summary judgment motion.

Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests

On October 25, 2018, defendants filed a motion for an extension of time to respond to plaintiff's request for production of documents (set one), special interrogatories to defendant Roth (set one), special interrogatories to defendant Macomber (set one), and special interrogatories to defendant Masterson (set one). (ECF No. 47.) Defendants request an extension of time to respond to these discovery requests up to and including forty-five days after the court makes a

final determination on defendants' pending summary judgment motion and motion for protective order.

Good cause appearing, defendants' motion for extension of time is granted. Defendants shall respond to plaintiff's discovery requests within forty-five days after the court makes a final determination on defendants' pending summary judgment motion.

Plaintiff's Request to Continue or Deny Defendants' Summary Judgment Motion

On October 29, 2018, plaintiff filed a motion to continue or deny defendants' summary judgment motion. (ECF 48.) On November 16, 2018, defendants filed an opposition to plaintiff's motion to continue or deny. (ECF No. 51.)

The undersigned construes plaintiff's motion as having been brought pursuant to Federal Rule of Civil Procedure 56(d) which provides, in relevant part,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

In the pending motion, plaintiff requests that defendants' summary judgment motion be continued or denied so that plaintiff may conduct discovery. Plaintiff alleges that he requires access to his C File and the disciplinary history of defendants in order to oppose defendants' motion.

It does not appear that the documents identified by plaintiff in the pending motion are relevant to the issue raised in defendants' pending summary judgment motion, i.e., whether plaintiff exhausted administrative remedies. In addition, it does not appear that plaintiff's merits-based discovery requests, discussed above, are relevant to the issue raised in defendants' summary judgment motion. Plaintiff does not address the relevancy of these documents and discovery requests to the pending motion.

3

For the reasons discussed above, the undersigned finds that plaintiff has not met his burden of showing, for specified reasons, that he cannot presents facts essential to justify his opposition to defendants' summary judgment motion. Accordingly, plaintiff's motion to continue or deny defendants' summary judgment motion is denied.

Plaintiff's Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. (ECF No. 49.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Defendants' Motion to Modify the Scheduling Order

Pursuant to the scheduling order filed September 7, 2018, the discovery deadline was December 28, 2018, and the deadline for dispositive motions is March 22, 2019. (ECF No. 43.)

In the motion to modify the scheduling order, defendants request that the discovery and dispositive motion deadlines be vacated due to the pending summary judgment motion. Defendants request that the court issue a new scheduling order following resolution of their summary judgment motion.

Good cause appearing, defendants' motion to modify the scheduling order is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order (ECF No. 46) is granted; discovery is stayed pending resolution of defendants' summary judgment motion;

2. Defendants' motion for an extension of time (ECF No. 47) is granted; defendants' responses to plaintiff's pending discovery requests are due within forty-five days of the court order resolving defendants' summary judgment motion, if appropriate;

3. Plaintiff's motion to continue or deny defendants' summary judgment motion (ECF No. 48) is denied; plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order;

4. Plaintiff's motion for appointment of counsel (ECF No. 49) is denied;

5. Defendants' motion to modify the scheduling order (ECF No. 52) is granted; the December 28, 2018 discovery deadline and the March 22, 2019 deadline for filing dispositive motions are vacated; these dates will be reset following resolution of defendants' summary judgment motion, if appropriate.

Dated: March 13, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wrig2054.31